IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02441-REB-BNB

ISADORE BROWN,

Plaintiff,

v.

DENVER POLICE OFFICERS GARCIA,
ROMAN YEPSHIN,
SERGEY GUREVICH,
DETECTIVE JOEY SMITH, and
CITY AND COUNTY OF DENVER, jointly and severally,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendants' **Unopposed Motion to Modify Scheduling Order and Trial Preparation Conference Order** [Doc. # 24, filed 5/3/2012] (the "Motion").  I respectfully RECOMMEND that the Motion [Doc. # 24] be GRANTED.

The defendants request an order extending the dispositive motion deadline by just more than one month and vacating the pretrial conference, and trial preparation conference, and trial date.  Good cause exists to modify the case schedule based on (1) the substitution of defendants' counsel and (2) scheduling conflicts for two of the defendants which make attendance at the scheduled trial unreasonably inconvenient.

I respectfully RECOMMEND that the Motion [Doc. # 24] be GRANTED and that the case schedule be modified as follows:

(1) Extending the dispositive motion deadline to **September 7, 2012**; and

(2)   Vacating the pretrial conference, trial preparation conference, and trial, to be reset at a later date.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 4, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge