IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02441-REB-BNB

ISADORE BROWN,

Plaintiff,

v.

DENVER POLICE OFFICERS GARCIA,
ROMAN YEPSHIN,
SERGEY GUREVICH,
DETECTIVE JOEY SMITH, and
CITY AND COUNTY OF DENVER, jointly and severally,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on **Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b)** [Doc. # 42, filed 8/10/2012] (the "Motion to Dismiss").  I respectfully RECOMMEND that the Motion to Dismiss be DENIED.

The plaintiff is proceeding pro se, his counsel having been allowed to withdraw.  Order [Doc. # 41].  The defendants attempted to depose the plaintiff after his lawyer withdrew but, according to defense counsel, "[p]laintiff stated he would not appear for questioning without an attorney" and that he "did not want to speak further to undersigned counsel [] without an attorney. . . ."  Motion to Dismiss [Doc. # 42] at ¶4.

The thrust of the Motion to Dismiss is this:

> Plaintiff's conduct [in stating that he did not want to speak to defense counsel without a lawyer] has effectively prevented Defendants from defending against [the Complaint].  Without communication with Plaintiff, Defendants cannot appropriately

> defend this action.  Plaintiff has refused to be deposed at this time,
> with discovery cut-off on September 14, 2012.  In addition,
> without communicating with Plaintiff, other depositions cannot be
> scheduled before the discovery cut-off.

Id. at ¶5.  The defendants argue that dismissal is proper under Fed. R. Civ. P. 41(b), which

provides:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any
> claim against it.

The plaintiff denies the facts as presented by the defendants, stating instead that he

"never told defense counsel that I would not talk to him, and did tell him I agree to be disposed

[sic]."  Response [Doc. # 50].

The plaintiff's request not to speak with defense counsel without a lawyer, if made, did

not preclude defense counsel from communicating with the plaintiff.  To the contrary, Rule 4.2

of the Colorado Rules of Professional Conduct only prohibits a lawyer from communicating

directly "with a person the lawyer knows to be represented by another lawyer in the matter. . . ."[1]

Where, as here, the plaintiff is not represented, defense counsel is under no obligation to refrain

from communicating with him directly.

The defendants did not attempt to enforce their rights under the discovery rules.  In

particular, there is no indication that the defendants served the plaintiff with a notice for his

deposition or the deposition of any other witness.  The imposition of severe sanctions, such as

dismissal of the plaintiff's case, normally must await the plaintiff's failure to attend his

deposition after being served with proper notice.  See Fed. R. Civ. P. 37(d)(1)(A)(i).  The

---

[1]With certain exceptions not applicable here, this court applies as its own the Colorado
Rules of Professional Conduct.  D.C.COLO.LCivR 83.4.

defendants here have jumped the gun by seeking the most severe sanction available without first serving a notice of deposition and creating an obligation for the plaintiff to give his deposition.

At a hearing held earlier today, I ordered the plaintiff to appear for and give his deposition on November 27, 2012, at 9:00 a.m.  Order [Doc. # 72].  The date was cleared on the calendars of the plaintiff and defense counsel.  I have cautioned the plaintiff that his failure to give his deposition as ordered is likely to lead to the entry of sanctions, including potentially the dismissal of this case.  Id.  The defendants conceded that the plaintiff's deposition is the only discovery they still require.

Under the facts as they currently exist, I find that dismissal of the case is an unnecessarily harsh sanction.  See Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

I respectfully RECOMMEND that the Motion to Dismiss [Doc. # 42] be DENIED.[2]

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 1, 2012.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge