IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02441-REB-BNB

ISADORE BROWN,

Plaintiff,

v.

DENVER POLICE OFFICERS GARCIA,
ROMAN YEPSHIN,
SERGEY GUREVICH,
DETECTIVE JOEY SMITH, and
CITY AND COUNTY OF DENVER, jointly and severally,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on **Defendants' Motion for Summary Judgment** [Doc. # 58, filed 10/12/2012]. The plaintiff has not responded. I respectfully RECOMMEND that the Motion for Summary Judgment be GRANTED and that summary judgment enter in favor of the defendants and against the plaintiff on all claims.

The plaintiff, through counsel, filed a Complaint asserting four claims for relief:

First Claim:  A Monell claim against the City and County of Denver alleging a policy, custom, or usage to deprive the plaintiff "of the right to be secure, in his person and house, against unreasonable seizure";

Second Claim:  A claim alleging the use of excessive force by defendant police officers Garcia, Yepshin, Gurevich, and Smith in violation of 42 U.S.C. § 1983;

Third Claim:  A Monell claim against the City and County of Denver alleging policies,

customs, or usages to (a) provide inadequate training in the use of force; (b) tacitly authorize its

officers to use excessive force and to not prosecute those officers who use excessive force; (c)

fail to discipline officers involved in unjustified police brutality and to endorse irresponsible use

of force; (d) condone and permit the use of excessive force by its officers; (e) "cover-up" police

beatings; and (f) fail to discipline officers who use excessive force; and

Fourth Claim:  A claim against all defendants under 42 U.S.C. § 1986 for failing to

"instruct, supervise, control, and discipline on a continuing basis Defendant police officers in

their duties to refrain from" (a) harassing a citizen; (b) arresting a citizen; (c) conspiring to

violate the plaintiff's constitutional rights; and (d) depriving the plaintiff of his constitutional

rights.

The events underlying the plaintiff's claims occurred at the Proof of the Pudding

Nightclub on August 28, 2010.  Complaint [Doc. # 1] at ¶6.  The plaintiff was at the nightclub;

was carrying a loaded, semi-automatic Beretta pistol; and was arrested on the charge of

possession of a weapon by a previous offender.  Affidavit of Joey Smith [Doc. # 58-1] (the

"Smith Aff.") at ¶¶5, 7; Affidavit of Roman Yepishin [Doc. # 58-3] (the "Yepishin Aff.") at ¶¶4,

6.  The plaintiff subsequently pled guilty to a weapons violation in Denver County Court on

October 28, 2011.  Docket Sheet [Doc. # 58-6].

The plaintiff's counsel was allowed to withdraw on June 28, 2012.  Order [Doc. # 41].

The plaintiff is now proceeding pro se.

## I.  LEGAL STANDARD

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff.

Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro*

*se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Rule 56(c), Fed. R. Civ. P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, to designate specific facts showing that there is a genuine issue for trial.  Id. at 324.  Only admissible evidence may be considered when ruling on a motion for summary judgment.  World of Sleep, Inc. v. La-Z-Boy

Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

Failure to file a response within the time specified results in a waiver of the right to respond to or controvert the facts asserted in the summary judgment motion.  Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  Under these circumstances, the court accepts as true "all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment."  Id.

## II.  ANALYSIS

### A.  Second Claim (Excessive Force)

Officers Garcia, Yepishin, Gurevich, and Smith (the "Officer Defendants") move for summary judgment on the claim of excessive force, asserting the defense of qualified immunity.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have knowledge.'"  Pearson v. Callahan, 555 U.S. 223, 231 (2009)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Where, as here, defendants assert qualified immunity in a motion for summary judgment "the burden shifts to the plaintiff to show that: (1) the defendant[s] violated a constitutional right and (2) the constitutional right was clearly established."  Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009).  A court may exercise its discretion in determining which of the two prongs of qualified immunity to address first.  Pearson, 555 U.S. at 236.

In this case, the undisputed evidence is that there was no use of excessive by the Officer Defendants against the plaintiff.  The uncontroverted Affidavit of Gayla Jennings [Doc. # 58-5]

4

(the "Jennings Aff.) establishes that "[a]ll officers on scene were calm.  None of the officers used any force."  Mr. Brown was "guided to the police car where he was placed in the backseat. . . . No police officers yelled at Mr. Brown, grabbed Mr. Brown or forced him into the police car."  Id. at ¶¶5-6.

I rely principally on the Jennings Affidavit to establish the absence of any excessive force because she is a disinterested, third-party witness.  The Officer Defendants also provided evidence that they did not engage in the use of excessive force.  Affidavit of Joey Smith [Doc. # 58-1] at ¶12 (stating that "[n]o officer on the scene used any force.  Mr. Brown was cooperative and never complained of pain"); Affidavit of Ben Garcia [Doc. # 58-2] at ¶7 (stating that he "did not see any officer on the scene use any force" and that he "did not see or hear that Mr. Brown was injured or complaining of being in pain"); Affidavit of Roman Yepishin [Doc. # 58-3] at ¶8 (stating that "[n]o officer on the scene used any force," that he "did not grab, pull or use any force on Mr. Brown," and that "Mr. Brown was cooperative and never complained of any pain or injury"); and Affidavit of Sergey Gurevich [Doc. # 58-4] at ¶8 (stating that "[n]o officer on the scene used any force," that he "did not grab, pull or use any force on Mr. Brown," and that "Mr. Brown was cooperative and never complained of any pain or injury").

The Officer Defendants contrast their conduct to that addressed in Cortez v. McCauley, 478 F.3d 1108, 1126-29 (10th Cir. 2007).  In Cortez, there was evidence that police officers grabbed the plaintiff by the arm and pulled him from the doorway of his home; handcuffed him so tightly as to result in red marks on his wrists; placed him in the back seat of a locked patrol car; and ignored his pleas that the handcuffs were too tight.  Even in the face of that evidence, the Tenth Circuit Court of Appeals reversed the district court and held, as a matter of law, that

the conduct was insufficient to support a claim for excessive force.

The plaintiff did not respond to the Motion for Summary Judgment and failed to provide any evidence that the police officers used excessive force against him.

The plaintiff has failed to present any evidence establishing a triable issue of fact on the question of the use of excessive force.  Accordingly, the Officer Defendants are entitled to summary judgment in their favor and against the plaintiff on the Second Claim.

B.  First and Third Claims (Monell Claims)

The City and County of Denver moves for summary judgment on the First and Third Claims arguing that there is no evidence of a policy, custom, or failure to train or supervise which resulted in the violation of the plaintiff's Fourth Amendment rights.

A municipality, like the City and County of Denver, will not be held liable solely because its employees have inflicted injury.  Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694 (1978).  Instead:

> [T]o establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. . . .  In addition, a municipality may not be held liable where there was no underlying constitutional violation by any of its officers.

Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006).

The constitutional violations asserted by the plaintiff in the Complaint are (1) use by the Officer Defendants of excessive force during the plaintiff's arrest and (2) a failure to train or supervise the Officer Defendants on the proper use of force.  Complaint [Doc. # 1] at ¶¶17, 21. There is no evidence that the Officer Defendants violated the plaintiff's constitutional rights by using excessive force during his arrest, and the uncontroverted evidence is to the contrary.

6

Jennings Aff. [Doc. # 58-5] at ¶¶5-6.

Similarly, to prevail on his claim for failure to train in the use of force, the plaintiff must show, among other things, that the Officer Defendants exceeded constitutional limitations on their use of force against the plaintiff.  Brown v. Gray, 227 F.3d 1278, 1286 (10th Cir. 2000). The uncontroverted evidence is that the officers did not use excessive force, however.

Absent a constitutional violation by the Officer Defendants, the City and County of Denver may not be held liable under Monell.  Consequently, the City and County of Denver is entitled to summary judgment on the First and Third Claims.

## C.  Fourth Claim (42 U.S.C. § 1986)

In his Fourth Claim, the plaintiff alleges that the defendants violated 42 U.S.C. § 1986. Section 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representative, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

Although not a model of clarity, the Fourth Claim apparently is premised on an alleged violation of 42 U.S.C. § 1985(3).  The circuit court has explained the requirements for stating a claim under § 1985(3) as follows:

> The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.

Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The plaintiff's complaint contains only conclusory allegations of a conspiracy among the defendants, the first essential element of a § 1985(3) violation. In particular, the only allegations of any conspiracy contained in the Complaint are that (1) the Officer Defendants "were acting, respectively, under the direction and control of Defendant City and County of Denver," Complaint [Doc. # 1] at ¶46; (2) all defendants failed to "refrain from [] conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff," id. at ¶47(c); and (3) all defendants "had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done . . . were about to be committed." Id. at ¶48.

Insofar as the Fourth Claim is brought against Denver, "a municipality cannot be liable for a civil conspiracy unless the City could actually be said to have participated through policy or custom." Hogan v. Winder, 2012 WL 4356326 *5 (D. Utah Sept. 24, 2012). The plaintiff has failed to present any evidence of a policy or custom of the City and County of Denver supporting the use of unreasonable force or any other constitutional violation. To the contrary, the only evidence on the point is the Use of Force Policy of the Denver Police Department contained in the Operations Manual [Doc. # 58-7], which provides in part:

> The Denver Police Department recognizes the value of all human life and is committed to respecting human rights and the dignity of every individual, and the Constitutional right to be free from excessive force, whether deadly or not, by a law enforcement officer. . . . When deciding whether to use force, officers shall act within the boundaries of the United States and Colorado constitutions and laws, ethics, good judgment, this use of force policy, and all other relevant Denver Police Department policies, practices and training. With these values in mind, an officer shall use only that degree of force necessary and reasonable under the circumstances.

*   *   *

> Use of force that is not lawful, reasonable and appropriate will not be tolerated.  Department Policy as well as relevant Federal, State, and Local laws shall govern use of force by officers.

Id. at §§105.01(1) and (2).

To establish a conspiracy by the Officer Defendants in violation of § 1985(3), the plaintiff must present evidence establishing "the combination of two or more persons acting in concert" and "a meeting of the minds or agreement among the defendants."  Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1126 (10th Cir. 1994).  Without any evidence of communications between or among the Officer Defendants concerning the plaintiff, there is nothing to give rise to the inference that they conspired.

Nor is there any evidence of injury or deprivation to the plaintiff as a result of the conduct of the Officer Defendants or the City and County of Denver, the fourth essential element of a

§ 1985(3) violation.

The plaintiff has failed to produce any evidence creating a genuine issue of fact for trial on his claim under 42 U.S.C. § 1986, and the defendants are entitled to the entry of summary judgment in their favor.

## III.  RECOMMENDATION

I respectfully RECOMMEND that the Motion for Summary Judgment [Doc. # 58] be GRANTED and that summary judgment enter in favor of the defendants and against the plaintiff on all claims.[1]

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the

Dated November 16, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).